THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NOUSHIN ZARKESH,<br><br>    Plaintiff,<br><br>    v.<br><br>VINMAR POLYMERS AMERICA, LLC and<br>VINMAR INTERNATIONAL, LTD.,<br><br>    Defendants. | CASE NO. C23-1002-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for leave to amend her complaint (Dkt. No. 56) and to transfer venue (Dkt. No. 55), along with Defendants' motion for summary judgment (Dkt. No. 47). Having thoroughly considered the briefing and the relevant record, and for the reasons described below, the Court GRANTS Plaintiff's motion for leave to amend and to transfer (Dkt. Nos. 55, 56) and DENIES as moot Defendants' motion for summary judgment (Dkt. Nos. 47).

The Court described the facts of this employment breach of contract case, at least as originally alleged, in prior orders. (*See* Dkt. Nos. 21, 31.) Plaintiff now asks for leave to amend her complaint and to transfer this matter to the Northern District of California. (*See generally* Dkt. Nos. 55, 56.) She seeks to revise allegations regarding where she rendered the services at issue in this matter (California rather than Washington); to replace Washington-based claims for

California-based claims; and to add new allegations regarding charges Defendants made against her sales, in determining the commissions owed. (*See generally* Dkt. No. 56-1.) Assuming this Court grants the request, Plaintiff then asks to transfer this matter, as this Court would no longer be an appropriate venue. (*See generally* Dkt. No. 55.)

Plaintiff's request follows Defendants' discovery that Plaintiff performed the services at issue while residing in California—not Washington (as originally pleaded). (*See, e.g.*, Dkt. No. 47 at 3–4) (citing Dkt. No. 49 at 1, 50 at 2, 51 at 1–3). In response, Defendants ask the Court to, instead, grant summary judgment to Defendants on Plaintiff's claims as originally pleaded. (*See, e.g.*, Dkt. Nos. 61, 62.) Indeed, the Court is not pleased with counsel's blind reliance in fashioning their pleading(s) on Plaintiff's apparently faulty memory. (S*ee* Dkt. No. 58 at 3; *see generally* Dkt. No. 64.)

Nevertheless, there is good cause[1] to amend the scheduling order; moreover, the proposed amendment is proper. This is because Plaintiff moved for leave to amend shortly after her error in pleading was made clear. Undoubtedly for Defendants, having to defend this action in another forum is not ideal. But the added cost and inconvenience of doing so does not represent the type of prejudice, at least in this Court's view, necessary to support denying Plaintiff's request. *See, e.g.*, *Playup, Inc. v. Mintas*, 2022 WL 1525449, slip op. at 2 (D. Nev. 2022) (similar finding); *Atcherley v. Hanna*, 2015 WL 4879556, slip op. at 3 (E.D. Cal. 2015) (same). For this reason, the Court will allow the amendment Plaintiff seeks. And once the proposed Third Amended Complaint ("TAC") (Dkt. No. 56-2) is operative, this Court will no

---

[1] When a party moves to amend a pleading after the deadline in the scheduling order, such as this one, the Court's analysis proceeds in two stages. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). First, the Court determines whether there is "good cause" to amend the scheduling order under Rule 16(b)(4). *See id.* If there is not, the inquiry ends, and the motion for leave to amend must be denied. *See id.* If there is good cause to amend the scheduling order, then the Court proceeds to analyze whether the proposed amendment is proper under Rule 15. *See id.*

1 | longer be an appropriate venue pursuant to 28 U.S.C. § 1391(b).[2]

2 |     For the foregoing reasons, Plaintiff's motions for leave to amend (Dkt. No. 56) and to transfer venue (Dkt. No. 55) are GRANTED. The Clerk is DIRECTED, once Plaintiff files the TAC, to TRANSFER this case to the Northern District of California. Defendants' motion for summary judgment (Dkt. No. 47) is DENIED as moot.

    DATED this 5th day of September 2024.

_____<br>
John C. Coughenour<br>
UNITED STATES DISTRICT JUDGE

---

[2] Defendants do not challenge the notion that the Northern District of California would be an appropriate venue for this case, based on the allegations contained in the TAC. (*See* Dkt. No. 62 at 6–8.) Instead, they suggest dismissal, rather than transfer, is a more appropriate response to Plaintiff's pleading errors. (*See* Dkt. No. 62 at 4–6.) But such a draconian measure, while tempting given the procedural history here, would not be in the interest of justice. *See* 28 U.S.C. § 1406(a).